IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **JEREMY MOODY,** : | |
| : | |
| **Plaintiff** : | |
| : | |
| VS. : | |
| : | CIVIL No: 5:15-CV-0325-MTT-CHW |
| **CO II SHOULTS, et. al.** : | |
| : | |
| **Defendants** : | |

**ORDER & RECOMMENDATION**

Plaintiff Jeremy Moody, an inmate currently confined at Georgia Diagnostic and Classification Prison in Valdosta, Georgia, has filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983. After reviewing Plaintiff's Complaint, as required by 28 U.S.C. § 1915A, the Court will allow Plaintiff to go forward with his claims against Defendant Shoults. It is, **RECOMMENDED**, however, that Plaintiff's claims against Crystal Hughes Whiters and Sergeant Lashwand Jorden be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. *See* 28 U.S.C. § 1915A(b)(1).

**I.     Standard of Review**

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his complaint. *See* 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the complaint as true. *Brown v.*

1

*Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys" and are "liberally construed" by the court. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A *pro se* pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). To state a claim, a complaint must include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56(2007). The plaintiff must also allege sufficient facts to "raise the right to relief above the speculative level" and create "a reasonable expectation" that discovery will reveal evidence to prove a claim. *Id*. "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

## II.     Plaintiff's Complaint

The present action arises out of Plaintiff's confinement Georgia Diagnostic and Classification Prison in Jackson Georgia. Plaintiff alleges that a corrections officer, Defendant Shoults, intentionally poured a mixture of urine and feces from the overhead viewing vent into Plaintiff's cell. Plaintiff apparently attempted to move, but hit his head on the cell bars. Shoults then allegedly denied Plaintiff both a shower and medical treatment for an injury to his head. Plaintiff was, however, later taken for treatment by another officer and received six stitches. Plaintiff then filed a grievance and complained

to Sergeant Jorden about Shoults' behavior – which also included some sort of "threats." Defendant Crystal Whiter denied Plaintiff's grievance, and Defendant Sergeant Jorden apparently took no action in response to Plaintiff's complaints.

Plaintiff further alleges that, two weeks after he filed his grievance against Shoults, he was rushed to the hospital because he had been "poisoned." Still, no action was taken against Shoults. Similar events then occurred thereafter: Another inmate threw urine and feces on Plaintiff; and within the next few days, Plaintiff's food was poisoned, and he was again rushed to the hospital.

These allegations, when liberally construed and read in Plaintiff's favor, are sufficient to allow Plaintiff's claims against Defendant Shoults to go forward for further factual development. As to Defendants Whiters and Jorden, the undersigned presumes that Plaintiff has attempted to state Eighth Amendment claims for failure to protect. To state these claims, Plaintiff must allege facts showing that Defendants Whiters and Jorden were personally aware of a substantial risk of serious harm and failed or refused to respond reasonably to that risk. *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003). Plaintiff's Complaint, however, does not allege any facts to show that either Whiters or Jorden were given sufficient information to be held liable for Plaintiff's subsequent injuries. Defendants' mere knowledge of Plaintiff's grievance and complaints after the first incident is not alone sufficient to hold them liable for the later ones. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999) (refusing to impose liability on supervisory officials who denied grievances and failed to act on allegations), *cert. denied*, 530 U.S.

3

1264 (2000). *See also Asad v. Crosby,* 158 F. App'x 166, 170–72 (11th Cir. 2005) (affirming dismissal of claims against two defendants who denied grievances because the record failed to show personal participation or a causal connection).

It is thus **RECOMMENDED** that Plaintiff's claims against Defendants Whiters and Jorden be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

### III.     Right to File Objections

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to any recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order and Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

### IV.     Order for Service

It is **ORDERED** that service be made on COII Shoults and that he file an Answer, or other response as appropriate under the Federal Rules, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is also reminded of the duty to avoid unnecessary service expenses and the possible imposition of expenses for failure to waive service.

### DUTY TO ADVISE OF ADDRESS CHANGE

During this action, all parties shall at all times keep the Clerk of this Court and all

opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Fed. R. Civ. P. 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court. This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the

opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but no later than one hundred-twenty (120) days from when the discovery period begins.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments

from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. In addition, Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED**, this 2nd day of December, 2015.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge