# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | | |
|---|---|---|
| **JEREMY MOODY,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No: 5:15-cv-00325-MTT-CHW** |
| | : | |
| **SHOULTS,** | : | **Proceedings Under 42 U.S.C. § 1983** |
| **Defendant.** | : | **Before the U.S. Magistrate Judge** |

## RECOMMENDATION

Plaintiff Jeremy Moody, *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983 on August 24, 2015. Doc. 1. Now before the Court is a Motion to Dismiss Plaintiff's Complaint filed by Defendant Shoults[1], and a Motion to Amend filed by Plaintiff. Because Plaintiff has failed to comply with this Court's Orders and has not diligently prosecuted his case, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** pursuant to Federal Rule of Civil Procedure 41.

**IN THE ALTERNATIVE** it is **RECOMMENDED** that Defendant's Motion to Dismiss (Doc. 19) be **DENIED**, as to Plaintiff's Eighth Amendment excessive force and conditions of confinement claims, but **GRANTED** as to his claims of deliberate indifference to medical needs, official capacity claims, and claims for injunctive relief.

## BACKGROUND

The present action arises out of Plaintiff's confinement at Georgia Diagnostic and Classification Prison ("GDCP") in Jackson, Georgia. Doc. 1. Specifically, Plaintiff alleges that on September 22, 2013, a corrections officer, Defendant Shoults, intentionally poured a mixture of urine and feces from the overhead viewing vent into Plaintiff's cell. Plaintiff apparently attempted

---

1 Defendant's Motion shows that her name is correctly spelled Shoultes.

to move, but hit his head on the cell bars. Shoults then allegedly denied Plaintiff both a shower and medical treatment for an injury to his head. Plaintiff also brought Eighth Amendment claims against Defendants Whiters and Jorden. On December 2, 2015, the Court directed service on Defendant Shoults and recommended dismissal of Plaintiff's claims against Defendants Whiters and Jorden. Doc. 10. On December 11, 2015, Plaintiff moved for an extension of time to object to the Order and Recommendation, stating that he was in the process of finding counsel and would "keep the court posted on that matter." Doc. 13. Plaintiff requested that, in the alternative, the Court appoint counsel. *Id.*

Following service, on March 8, 2016, Defendant Shoults filed a Motion to Dismiss, arguing that Plaintiff failed to state a claim. Doc. 19. The Court ordered Plaintiff to respond to the Motion on March 9, 2016. Doc. 21.

After Plaintiff failed to comply with the Court's March 9 Order, on April 5, 2016, the Court issued another order, recognizing that Plaintiff had not informed the Court of the outcome of his efforts to retain counsel, as he told the Court he would do. Compare Doc. 13 and Doc. 23. The Court assumed that since four months had passed since Plaintiff first informed the Court of his efforts to retain counsel, such efforts had failed. Doc. 23. It also gave the Plaintiff an additional thirty days from the date of the order to file both his objection to the Court's December 2, 2015, Order and Recommendation, as well as his response to Defendant Shoults' Motion to Dismiss. *Id.*

Later that day, Plaintiff filed another Motion for Extension of Time, as well as two requests for this Court to Order the Department of Corrections to allow Plaintiff to use the phone to contact an attorney. Docs. 24; 25. The Court granted Plaintiff's additional request for time, giving him until May 25, 2016, to file his responses, but denied his requests for the Court to Order the Department of Corrections to allow Plaintiff to use the phone to contact an attorney, as Plaintiff

was not without other means of communication. Doc. 26; see also *Aswegan v. Henry*, 981 F.2d 313, 314 (8th Cir. 1992) ("prisoners do not have a right to any particular means of access [to counsel], including unlimited telephone use.").

Two days before his responses were due, on May 23, 2016, Plaintiff filed a Motion to Stay his case. Doc. 27. Plaintiff asserted that the prison law library where he is confined was inaccessible "due to Friable Asbestos being removed." *Id.* Defendant Shoults was directed to respond to Plaintiff's motion and did so. Doc. 28; Doc. 29.

On June 28, 2016, the Court denied Plaintiff's motion, reviewing the Affidavit of Stephen Miller, who affirmed that Plaintiff's access to the law library had not been restricted, and that he enjoyed regularly scheduled access to the law library each Friday from 9:00am to 11:00am. Doc. 29, pp. 1-2. In the same Order, Plaintiff was directed to file his response to both the Order and Recommendation (Doc. 10), and the Motion to Dismiss (Doc. 19), within twenty-one (21) days of the date of that Order. Of note, Plaintiff's deadlines to respond had been extended multiple times, and the Order and Recommendation was filed more than seven (7) months ago. Plaintiff was also advised in the June 28, 2016, Order that failing to file his responses to those filings would subject his case to immediate dismissal for failure to comply with a Court order, and that the Court may dismiss his case with prejudice given the inordinate delay his requests for extensions of time have caused. See *Betty K Agencies, LTD v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir 2005) (A district court has authority to dismiss a case with prejudice based on two possible sources authority:   Rule 41(b) and the court's inherent power to manage its docket.). Plaintiff did not file his responses, as ordered, but instead filed a one-page Motion to Amend his Complaint, which did not add any new allegations, defendants, or claims.

As this Court has "inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases,'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (*quoting Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, (1991)), including the power to dismiss a case for failure to prosecute or failure to comply with a court order, *Id.* (*citing* Fed.R.Civ.P. 41(b)); *see also Hyler v. Reynolds Metal Co.*, 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute...."), Plaintiff's case must be dismissed for failure to prosecute and failure to comply with a Court Order.

Dismissal is also appropriate even though Plaintiff's alleged incident occurred on September 22, 2013, and the statute of limitations has run since he filed the complaint. Thus, a dismissal without prejudice is, in effect, with prejudice. *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993); *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981). "[D]ismissals with prejudice are not appropriate unless the district court finds both that a clear record of delay or willful misconduct exists, and that lesser sanctions are inadequate to correct such conduct. Mere negligence is insufficient to justify a finding of delay or willful misconduct." *Stephenson v. Doe*, 554 F. App'x. 835, 837 (11th Cir. 2014) (citations omitted).

The Court has ordered Plaintiff to file his responses with the Court numerous times, which he has continuously failed to do. Plaintiff was also forewarned of the consequences of failing to comply in the Court's most recent June 28, 2016 Order. See *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that when the litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion). Finally, Plaintiff's seven months of delays, including multiple motions for extension of time, stays, and requests for counsel, show that Plaintiff has engaged in a clear pattern of delay and willful misconduct and a lesser sanction would not better

serve the interests of justice. *Stephenson*, 554 F. App'x at 837 (11th Cir. 2014). These delays further indicate that Plaintiff does not have a serious interest in prosecuting his case. Similar dismissals with prejudice have been upheld by the Eleventh Circuit. See *Hickman v. Hickman*, 563 F. App'x 742 (11th Cir. 2014) and *Eades v. Ala. Dep't of Human Res.*, 298 F. App'x 862 (11th Cir. 2008). Accordingly, Plaintiff's case must be dismissed for failure to prosecute and failure to comply with a Court Order.

<u>Defendant's Motion to Dismiss: Plaintiff's Alleged Exposure to Human Urine and Feces Raises</u>

<u>Eighth Amendment Concerns</u>

If the Court chooses not to exercise its discretion in dismissing Plaintiff's case and to instead rule on Defendant's Motion to Dismiss on the merits, Defendant's Motion must be denied as to Plaintiff's Eighth Amendment excessive force and conditions of confinement claims. Plaintiff's allegations of deliberate indifference to medical needs fail to state a claim and are subject to dismissal.

In his Complaint, Plaintiff alleges that a corrections officer, Defendant Shoults, intentionally poured a mixture of urine and feces from the overhead viewing vent into Plaintiff's cell. Plaintiff apparently attempted to move, but hit his head on the cell bars. Shoults then allegedly denied Plaintiff both a shower and medical treatment for an injury to his head that he later received six stitches for.

Defendant moves to dismiss Plaintiff's complaint on the grounds that he fails to state a claim of deliberate indifference to medical needs claim or excessive force. Doc. 19. Defendant Shoults also argues she enjoys qualified immunity from suit in her individual capacity. Although Defendant Shoults reads Plaintiff's complaint as raising only a deliberate indifference to medical needs claim and an excessive force claim; Plaintiff also raises a conditions of confinement claim.

Because clearly established law holds that situations involving intentional and prolonged exposure to human waste amount to cruel and unusual punishment, and create a health risk, Defendant Shoults is not protected by qualified immunity and Plaintiff's claims of excessive force, deliberate indifference, and conditions of confinement against her cannot be dismissed.

<u>Applicable Legal Standards</u>

Plaintiff's complaint is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The instant *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations omitted).

Yet even if Plaintiff sufficiently states a claim, Defendant Shoults may be entitled to qualified immunity, which "offers complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." *Oliver v. Fiorino*, 586 F.3d 898, 904 (11th Cir. 2009) (internal quotations and citations omitted). A prison employee acting within the scope of her discretionary authority is entitled to qualified immunity "unless the plaintiff can demonstrate: first, that the facts when viewed in a light most favorable to the plaintiff establish a constitutional violation; and, second, that the illegality of the officer's actions was

'clearly established' at the time of the incident." *Id.* at 905. Courts need not consider the two prongs of the analysis in sequence, and a failure to establish either prong requires the claim to be dismissed. *Id.*

    A. <u>Conditions of Confinement</u>

    In this case, clearly established law shows that Defendant Shoult's actions amounted to cruel and unusual punishment under the Eighth Amendment. Generally, the Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement. *Farmer*, 511 U.S. at 832. Although the Constitution does not mandate comfortable prisons, conditions that deny inmates "the minimal civilized measures of life's necessities" violate the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 347, 349 (1981). Inmates may not be punished in a manner incompatible with "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102-103 (1976). Punishments violate the Eighth Amendment when they involve the "serious deprivation of basic human needs" and are "totally without penological justification." *Rhodes*, 452 U.S. at 346-47.

    Recently, in *Brooks v. Warden*, 800 F.3d 1295, 1304 (11th Cir. 2015), the Eleventh Circuit recognized the Eighth Amendment is implicated when a prisoner is "placed in contact and close proximity with excrement." See *id.* Specifically, the appellate court noted that as early as 1971, the former Fifth Circuit held that a prisoner successfully states an Eighth Amendment conditions of confinement claim based on deprivation of basic elements of hygiene. *Id.* at 1304 (citing *Novak v. Beto*, 453 F.2d 661 (5th Cir. 1971)). Plaintiff's allegations satisfy this standard.

    Plaintiff's allegations that Shoults threw bodily fluids on him, including human feces and urine, while confined in a small prison cell violates the Eighth Amendment as it creates an obvious health risk and is an affront to human dignity. Furthermore, denying medical attention and a

shower to an inmate who is then forced to sit in filth for an extended period of time is not merely unreasonable, but an act of "obvious cruelty." See *Hope v. Pelzer*, 536 U.S. 730, 745 (2002) ("The obvious cruelty inherent in this practice should have provided respondents with some notice that their alleged conduct violated Hope's constitutional protection against cruel and unusual punishment.")

And Defendant Shoults is not entitled to qualified immunity. Any reasonable officer should know "that such conduct was at war with the command of the Eighth Amendment." *Brooks*, 800 F.3d at 1307. Similarly, "this is the rare case of obvious clarity, in which conduct is so egregious that no prior case law is needed to put a reasonable officer on notice of its unconstitutionality." *Brooks*, 800 F.3d at 1307 (internal citations and quotations omitted). Thus Plaintiff's Eighth Amendment conditions of confinement claim cannot be dismissed because he sufficiently stated a conditions of confinement claim, and Shoults is not entitled to qualified immunity.

### B.  Excessive Force

Plaintiff has also stated an excessive force claim. To establish a claim for excessive force, Plaintiff must show that: (1) the Defendant acted with a malicious and sadistic purpose to inflict harm; and (2) more than *de minimis* injury resulted. *Johnson,* 280 F.3d at 1321 (11th Cir. 2002). The Supreme Court has clarified "[t]he 'core judicial inquiry' ... [is] not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian,* 503 U.S. 1, 7 (1992)).

Defendant argues that there is "no binding precedent" in this circuit holding that spraying a "non-caustic substance such as human waste is more than a de minimis use of force." Doc. 19-1, p.

9. Defendant cites *Tafari v.McCarthy,* 714 F. Supp. 2d 317 (N.D.N.Y. 2010), which found that an officer's alleged throwing of urine and feces upon sleeping inmate constituted a de minimis use of force. *Id*. As the court in *Tafari* noted, while throwing feces on someone is "certainly repulsive, [it] is not sufficiently severe to be considered repugnant to the conscience of mankind." *Id.* (internal citations omitted). Defendant cites additional district court cases which hold that throwing feces and urine at an inmate is insufficient to state an Eighth Amendment violation. Defendant's argument and cited authority is persuasive, yet deeper research reveals that the Second Circuit more recently rejected *Tafari*'s logic.

In *Hogan v. Fischer*, the Second Circuit held that spraying an inmate with a mixture of "feces, vinegar, and some type of machine oil" constitutes more than a de minimis use of force. See 738 F.3d 509, 515-16 (2d Cir. 2013) ("we are unwilling to accept, as a matter of law, the proposition that spraying an inmate with a mixture of feces, vinegar, and machine oil constitutes a *de minimis* use of force."). As the Second Circuit noted, "such conduct is unequivocally contrary to contemporary standards of decency." *Id.* (citing *Whitley v. Albers*, 475 U.S. 312, 327) (1986)) (internal quotations omitted). The opinion further recognized that even if such conduct was de minimis, it is "undoubtedly 'repugnant to the conscience of mankind' and therefore violates the Eighth Amendment." *Hogan*, 738 F.3d at 516 (quoting *Hill v. Crum*, 727 F.3d 312, 323–24 (4th Cir. 2013)). The *Hogan* court went on to analyze the conduct within the *Whitley* factors, holding that the fecal assault "was not 'a good faith effort to maintain or restore discipline,' but an attempt to 'maliciously and sadistically ... cause harm.'" *Hogan*, 738 F.3d at 516. The opinion also recognized that "[n]o reasonably perceived penological need existed for the application of such force." *Id.* (citing *DeSpain*, 264 F.3d at 978).

Defendant also cites *Boxer X v. Harris*, in arguing that while some conduct may be "distasteful," it does not cross the line to become "repugnant to the conscience of mankind" when there is no more than de minimis harm. Doc. 19-1, p. 10 (citing *Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006)). In *Boxer*, the Southern District of Georgia dismissed an Eighth Amendment claim based on the allegation that a female prison guard required to strip down naked and masturbate for her enjoyment. *Id.* at 1109. Plaintiff did not allege a physical injury resulting from the guard's order, and the Eleventh Circuit affirmed, holding that forced masturbation did not result in "more than a de minimis injury." *Id.* at 1111. *Boxer* is inapplicable to the instant case, because the Eleventh Circuit analyzed Boxer's allegations in the context of sexual abuse, instead of excessive force. *Id.* at 1111 ("In the context of a prisoner's conditions of confinement after incarceration, […] we join other circuits recognizing that severe or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment."); see also *Reid v. Sec'y, FL Dept of Corr.*, 486 F. App'x 848, 851 (11th Cir. 2012) (recognizing sexual abuse and excessive force as two separate Eighth Amendment claims).

Defendant argues that Plaintiff did not allege more than a de minimis physical injury *arising from* Defendant Shoults' actions, and thus he cannot sustain an Eighth Amendment claim. Instead, Defendant argues that his injuries "did not directly result from the use of force but rather from Plaintiff's own actions in running into the cell bars." Doc. 19-1, p. 9. Defendant cites *Johnson v. Morel*, 876 F.2d 477, 480 (5th Cir. 1989) in support of the proposition that "only those injuries resulting 'directly and only from the use of force' are actionable under the Eighth Amendment." Doc. 19-1, p. 9, n. 1. Yet *Johnson* was later abrogated by the Fifth Circuit in *Harper v. Harris Cty., Tex.*, 21 F.3d 597 (5th Cir. 1994), holding that *Johnson* applied the wrong standard for excessive force in the context of *Hudson*. See *Harper*, 21 F.3d at 600. Applying the

narrow standard stated in *Johnson* now would run afoul of the Supreme Court's opinions in *Hudson* and *Whitley*, both of which look to the injury as only one factor in determining an Eighth Amendment violation.

The Second Circuit's opinion in *Hogan* opinion is persuasive and consistent with the Eleventh Circuit's opinion in *Brooks*—a case that dealt specifically with a prisoner's interaction with human feces. These opinions support a finding that the alleged actions of Defendant Shoults manifested a malicious and sadistic purpose to inflict harm. This is enough to state an excessive force claim. *Hudson*, 503 U.S. at 9 ("when prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated ... whether or not significant injury is evident."); see also *Wilkins*, 559 U.S. at 38 ("Injury and force ... are only imperfectly correlated, and it is the latter that ultimately counts.").

C. Deliberate Indifference

Plaintiff fails to state a claim that Defendant Shoults' acted with deliberate indifference in denying him medical care. The Complaint alleges that Plaintiff cut his head in an attempt to dodge the urine and feces that Defendant dropped on him. Defendant refused to take Plaintiff to medical or allow him a shower. Four hours later another officer took Plaintiff to medical, where he received six stitches to his head.

To establish a claim of deliberate indifference to medical needs, a plaintiff must show "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Internat'l, Inc.*, 588 F.3d 1291, 1306-7 (11th Cir. 2009).

Plaintiff does not allege that he suffered any injury as a result of the four-hour delay in receiving medical attention. Courts have observed that "delay or even denial of medical treatment

11

for superficial, nonserious physical conditions does not constitute an Eight Amendment violation." *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1188-89 (11th Cir. 1994). Delay in treatment must be considered "in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and . . . the reason for the delay." *Id.* Although there may have been no good reason for the delay, there is no indication from Plaintiff's complaint that the delay worsened his condition.

### D. Official Capacity Claims

Plaintiff's claim against Defendant Shoults for monetary damages in her official capacity is barred by the Eleventh Amendment. The Eleventh Amendment prohibits a federal court from exercising jurisdiction over a lawsuit against a state, except where the state has consented to be sued or waived its immunity, or where Congress has overridden the state's immunity. *Lassiter v. Alabama A & M University*, 3 F.3d 1482, 1485 (11th Cir. 1993). Congress has not abrogated Eleventh Amendment immunity in Section 1983 cases. *Carr v. City of Florence, Ala.*, 916 F.3d 1521, 1525 (11th Cir. 1990). Thus, if the state has not waived its immunity, the Eleventh Amendment bars a Section 1983 suit against that state. *Cross v. State of Ala.*, 49 F.3d 1490 (11th Cir. 1995). By extension, the Eleventh Amendment also bars Section 1983 suits against state officials in their official capacities, because in such a case, the state is considered the real party in interest since an award of damages would be paid by the state. *Id.* at 1503. Accordingly, Plaintiff's claim for monetary damages against Defendant Shoults in her official capacity must be dismissed.

### E. Injunctive Relief

To the extent that Plaintiff seeks injunctive relief, he has failed to state a claim. Plaintiff seeks an order directing the Department of Corrections to cease its restriction on the number of grievances inmates may file and to require grievance officers to review surveillance video within

24 hours of receiving a grievance. Such relief is not "narrowly drawn" to correct the alleged violation of rights in this case. See 18 U.S.C. § 3626(a)(1)(A).

## CONCLUSION

In accordance with the analysis above, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** pursuant to Federal Rule of Civil Procedure 41.

**IN THE ALTERNATIVE** it is **RECOMMENDED** that Defendant's Motion to Dismiss (Doc. 19) be **DENIED**, as to Plaintiff's Eighth Amendment excessive force and conditions of confinement claims, but **GRANTED** as to his claims of deliberate indifference to medical needs, official capacity claims, and claims for injunctive relief.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation to Dismiss with the District Judge to whom this case is assigned, **within fourteen (14) days** after being served with a copy thereof.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 28th day of July, 2016.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge