IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JEREMY MOODY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:15-CV-325 (MTT) |
| CO II SHOULTS, et al., | ) ) ) |
| Defendants. | ) ) ) |

# ORDER

After screening the Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, United States Magistrate Judge Charles H. Weigle has allowed the claims against Samantha Shoults to go forward but recommends dismissing the claims against Crystal Hughes Whiters and Sergeant Lashwand Jorden without prejudice for failure to state a claim. (Doc. 10). The Magistrate Judge makes this recommendation because the "Defendants' mere knowledge of Plaintiff's grievance and complaints after the first incident is not alone sufficient to hold them liable for the later ones." (*Id.* at 3). After being given a significant amount of time to object, the Plaintiff still has not objected to the Recommendation. Instead, the Plaintiff has filed a motion to amend his complaint. (Doc. 32). This would be the first amendment to Moody's complaint.

The Court agrees that the Plaintiff has failed to sufficiently allege a failure to protect claim for the reasons stated in the Recommendation. However, because the events underlying the claims against Whiters and Jordan occurred in September 2013,[1] it is likely that the relevant two-year statute of limitations would prevent the Plaintiff from

---

[1] The Plaintiff filed his complaint on August 24, 2015. (Doc. 1).

refiling his claims, and thus dismissal would be with prejudice. The Eleventh Circuit has stated that "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.3d 1108, 1112 (11th Cir. 1991), *overruled on other grounds by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541 (11th Cir. 2002). Accordingly, because the Plaintiff has yet to amend his complaint and a more carefully drafted complaint may state a claim, the Plaintiff's motion to amend his complaint is **GRANTED**. (Doc. 32). The Plaintiff has 21 days from the date of this order to amend his complaint. The Court will then reassess the Plaintiff's claims against Whiters and Jordan. Therefore, the Recommendation is **REJECTED**.

The Plaintiff has also requested a copy of his complaint. (Doc. 32). The Clerk of Court is **DIRECTED** to mail the Plaintiff a copy of his complaint.

**SO ORDERED**, this 19th day of August, 2016.

> S/ Marc T. Treadwell
> MARC T. TREADWELL, JUDGE
> UNITED STATES DISTRICT COURT