IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JEREMY MOODY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:15-CV-325(MTT) |
| SAMANTHA SHOULTES, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends that the Court dismiss the Plaintiff's complaint against Defendant Shoultes for failure to comply with the Court's orders and not diligently prosecuting his case. Doc. 33.[1] Alternatively, the Magistrate Judge recommends denying in part and granting in part Shoultes's motion to dismiss (Doc. 19), so that the Plaintiff's Eighth Amendment excessive force and conditions of confinement claims proceed but his deliberate indifference to medical needs, official capacity, and injunctive relief claims be denied. *Id.*

---

[1] Due in part to the case's complicated procedural history, the Recommendation can be misread as applying to all three defendants. *See* Doc. 33 at 1 ("[I]t is [recommended] that Plaintiff's complaint be [dismissed] pursuant to Federal Rule of Civil Procedure 41."). At the time the Magistrate Judge issued the Recommendation (Doc. 33), another Recommendation (Doc. 10) was pending which recommended dismissing the Plaintiff's case against the other two defendants for failure to state a claim. *See* Doc. 10 at 1. The Court rejected the other Recommendation (Doc. 10), however, because the statute of limitations would bar the Plaintiff from refiling his claim, effectively making it a dismissal with prejudice, and the Plaintiff had not yet been given an opportunity to amend his complaint. Doc. 38 at 1-2. Additionally, Defendant Shoultes later moved to dismiss pursuant to Federal Rule of Civil Procedure 41(b). Doc. 43. The Court notes that the Recommendation before it (Doc. 33) only concerns Defendant Shoultes's motion to dismiss for failure to state a claim (Doc. 19). *See* Doc. 33 at 1 ("Now before the Court is a Motion to Dismiss Plaintiff's Complaint filed by Defendant Shoultes.").

In support of the recommendation to dismiss for failure to prosecute and failure to follow Court orders, the Magistrate Judge points to the Plaintiff's: (1) noncompliance with the Court's orders to respond to Shoultes's motion to dismiss and to an earlier Report and Recommendation (Doc. 10); and (2) multiple eleventh-hour motions for extensions of time, a stay in the case, and leave to amend. *Id*. at 2. These delays do not merit dismissal of the Plaintiff's claims against Shoultes, especially in light of the Magistrate Judge's conclusion that some of the Plaintiff's claims should survive a motion to dismiss on their merits. Accordingly, the Court **DECLINES** to dismiss the Plaintiff's claims against Defendant Shoultes for failure to comply with Court orders and failure to prosecute.

On the merits, the Defendant objected to the Magistrate Judge's recommendation that the Plaintiff's excessive force and conditions of confinement claims be allowed to proceed. Doc. 36 at 2-3. The Plaintiff objected to the recommendation to dismiss his claim for deliberate indifference to medical needs and his official capacity claims. Doc. 41 at 10.[2] Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the parties' objections and made a de novo determination of the portions of the Recommendation to which the parties object.

---

[2] The Court received the Plaintiff's objection on August 26, 2016, 29 days after the Recommendation was filed. Doc. 41. The Plaintiff dated his signature of the objection August 10. *Id*. at 17-18; Doc. 41-1. But on the same day the Court received the objection, the Court also received an affidavit from the Plaintiff's fellow inmate Carlton Gary, who helped the Plaintiff draft the objection. Doc. 40. Mr. Gary's affidavit was dated August 18, and he explained that he underwent a requested medical procedure more quickly than he anticipated, and during the procedure the Plaintiff's objection was stranded in his cell. *Id*. at 3-5. In a later filing, the Plaintiff attests to giving his letter to a prison official on August 18. Doc. 45-1. Because of the "prison mailbox rule" for timing filings and the extra seven days the Court affords pro se parties responding to a Recommendation, the Plaintiff's objection appears timely even if handed to prison officials on August 18. The Defendant's response to the Plaintiff's re-filed objection shows that she also identifies no timing issue. *See* Doc. 46 at 1 n.1 ("Document 40 is the Affidavit of Carlton Gary, which addresses only the timing of the filing of the Objection. Since there does not appear to be a dispute or issues as to when the Objection was filed, Document 40 is irrelevant and will not be addressed herein." (internal citation omitted)). The Court notes that its determination would be the same, even without considering the Plaintiff's objection.

The Court agrees, for the reasons stated in the Recommendation, that the Plaintiff's excessive force and conditions of confinement claims should proceed at this stage of the litigation.  The Court also agrees that the Plaintiff has failed to state a claim for which relief may be granted against Shoultes for deliberate indifference to medical needs,[3] official capacity, and injunctive relief.  Dismissal would usually be without prejudice, but because the events underlying the Plaintiff's claims occurred on or around September 22, 2013,[4] the relevant two-year statute of limitations would likely prevent the Plaintiff from refiling his claims, and thus dismissal would be with prejudice.  The Eleventh Circuit has stated that "[w]here a more carefully drafted complaint might state a claim, a [pro se] plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."  *Bank v. Pitt*, 928 F.3d 1108, 1112 (11th Cir. 1991), *overruled on other grounds by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541 (11th Cir. 2002).  Accordingly, the Court orders the Plaintiff to **REDRAFT** his complaint within 14 days if he believes he can allege facts sufficient to cure the deficiencies in his complaint.

The Plaintiff also makes a conclusory argument that the Court should appoint counsel to represent him.  *See* Doc. 45 at 19 ("This is yet another cause to support Plaintiff's request for an attorney to be appointed to represent him.").  The Court construes this as a motion for reconsideration of the Magistrate Judge's order (Doc. 23) denying the Plaintiff's motion to appoint counsel (Doc. 13).  Pursuant to Local Rule 7.6,

---

[3] In an apparent typographical error, the Recommendation in one place reads "Plaintiff's claims of excessive force, deliberate indifference, and conditions of confinement against [Shoultes] cannot be dismissed."  Doc. 33 at 6.  Later, however, the Recommendation makes clear that "Plaintiff fails to state a claim that Defendant [Shoultes] acted with deliberate indifference in denying him medical care."  *Id.* at 11.  The Court clarifies that the Plaintiff's deliberate indifference claims against Shoultes fail for the reasons discussed on pages 11-12 of the Recommendation.

[4] The Plaintiff, proceeding pro se, filed his complaint on August 24, 2015.  Doc. 1.

"Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted). "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997). The Plaintiff's single-sentence assertion fails to identify, and the Court does not find, any intervening change in law, newly discovered evidence, or clear error. The motion for reconsideration must be denied.

Accordingly, the Recommendation is **ADOPTED in part** and **REJECTED in part**. The Plaintiff's excessive force and conditions of confinement claims against Defendant Shoultes may proceed. The Plaintiff is **ORDERED** to redraft his complaint within 14 days if he believes he can state a claim for which relief may be granted as to his other claims. The redrafted complaint shall contain all of the Plaintiff's allegations. Finally, the Plaintiff's motion for reconsideration of the Magistrate Judge's order (Doc. 23) denying the Plaintiff's motion to appoint counsel (Doc. 13) is **DENIED**.

**SO ORDERED,** this 15th day of February, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT