IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JEREMY MOODY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:15-CV-325(MTT) |
| SAMANTHA SHOULTES, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

The Magistrate Judge correctly determined that the Plaintiff's complaint failed to state a claim for which relief can be granted against Defendant Shoultes for deliberate indifference to medical needs, official capacity claims, and injunctive relief. Doc. 33. Although the Court agreed with these conclusions, the Court provided the Plaintiff an opportunity to amend his complaint to correct any pleading deficiencies. Doc. 47.

The Plaintiff responded to the Court's order to amend, but he did not amend his complaint. Doc. 49. Instead, the Plaintiff reported that he "would like to do so" but is prevented by the bad lighting in his prison cell and the prison having lost his "legal work books etc that I've done on this case." *Id.* at 1. But the Plaintiff was able to file that response despite the issues he alleges, and nothing in his filing excuses his failure to address the deficiencies in his complaint.

The Plaintiff asks the Court to order the prison to provide him with two hours in the prison's "main law library" per week until the case is finished. *Id.* He also claims that his property was "removed but was never returned to me." *Id.* at 2. The Plaintiff

attached to his filing: (1) a letter from an attorney dated October 21, 2016, apparently pertaining to a separate civil lawsuit filed by the Plaintiff; (2) a grievance form, dated January 22, 2017, with "Out of Time" and "Grievance is Out of Time" written over it, alleging that on November 15, 2016, corrections officers confiscated the Plaintiff's property "without inventorying anything they removed and never issuing a receipt for my property;" and (3) an inventory form for "confiscated or stored" inmate personal property, dated November 22, 2016.  Doc. 49-1.

The Court must construe the Plaintiff's filings liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed." (internal quotation marks and citation omitted)); *see also Mays v. United States*, 817 F.3d 728, 731 n.2 (11th Cir. 2016) ("Given Mays's motion to vacate and supplemental notice were filed pro se, we construe them liberally." (citation omitted)).  But to the extent the Plaintiff requests preliminary injunctive relief, the Plaintiff's request must be denied, even liberally construing his filing.  First, the Plaintiff has failed to show a harm which requires relief, as preliminary injunctions are only available upon a demonstration of "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the plaintiff outweighs the potential harm to the defendant; and (4) that the injunction will not disserve the public interest."  *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002) (citation omitted).  Second, preliminary injunctions relating to prison conditions "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."  18 U.S.C. § 3626(a)(2); *see Thomas v. Bryant*, 614 F.3d 1288, 1320 (11th Cir. 2010) (holding that this "need-narrowness-

intrusiveness limitation governs the initial entry of an injunctive relief in prison litigation cases"). The Court must also "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system . . . and shall respect . . . principles of comity." 18 U.S.C. § 3626(a)(2). The Plaintiff's sparse filing does not meet these requirements. He has not shown that he is entitled to injunctive relief, and he has not shown that his requested relief is appropriately drawn and outweighs other considerations.

For the reasons stated in the Magistrate Judge's Report and Recommendation (Doc. 33), Shoultes's motion to dismiss for failure to state a claim (Doc. 19) is **GRANTED in part** and **DENIED in part**. The Plaintiff's claims against Shoultes for deliberate indifference to medical needs and injunctive relief and his claims against Shoultes in her official capacity are accordingly **DISMISSED without prejudice**.[1] To the extent that the Plaintiff moves for injunctive relief, his motion is **DENIED**.

**SO ORDERED**, this 9th day of March, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] The applicable two-year statute of limitations appears to bar the Plaintiff from refiling his federal claims. Therefore, the dismissal is, in effect, likely with prejudice as to those claims. *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993); *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981). That is the reason the Court alerted the Plaintiff to his complaint's deficiencies and afforded him the opportunity to amend. Doc. 47. Since the Plaintiff has not addressed his complaint's deficiencies as to the charges discussed above, dismissal with prejudice is appropriate. *See Friedlander v. Nims*, 755 F.2d 810, 813-14 (11th Cir. 1985) (holding that dismissal with prejudice was not an abuse of discretion when the court gave the pro se plaintiff a chance to amend).