IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JEREMY MOODY, :
:
        Plaintiff, :
:
        v. : No. 5:15-cv-325 (MTT) (CHW)
:
CRYSTAL HUGHES WHITERS, *et al.*, :
:
        Defendants. :
:

## RECOMMENDATION

Defendant Samantha Shoultes has filed a Motion to Dismiss for failure to prosecute, under Rule 41(b) of the Federal Rules of Civil Procedure. (Doc. 43). It is **RECOMMENDED** that Defendant Shoultes' Motion be **DENIED**.

Shoultes contends that Plaintiff's claims should be dismissed because Plaintiff did not comply with a deadline set forth in the Court's Order of August 19, 2016, (Doc. 38), rejecting a Recommendation (Doc. 10) to dismiss claims against Defendants Crystal Hughes Whiters and Lashwand Jorden, without prejudice, for failure to state a claim. The Court rejected the Recommendation to dismiss claims against Whiters and Jorden out of concern that a dismissal without prejudice would function as a dismissal with prejudice due to the expiration of the statute of limitations. Although the Court agreed that Plaintiff's complaint as originally drafted had failed to state a claim, it noted that "a more carefully drafted complaint may state a claim," and gave Plaintiff 21 days to file an amended complaint. Doc. 38, p. 2. Plaintiff did not file an amended complaint as to Whiters and Jorden within the time provided and has not filed an amended complaint to date.

Plaintiff's failure to file an amended complaint as to claims against Defendants Whiters and Jorden does not warrant dismissal of his claims against Defendant Shoultes. Rule 41(b) gives district courts the discretion to dismiss a case with prejudice for failure to prosecute or failure to comply with a court order. The record does not show that Plaintiff has failed to prosecute or to comply with court orders. The Order rejecting the initial Recommendation did not order Plaintiff to amend his complaint, but merely gave him the opportunity to supplement his claims against Defendants Whiters and Jorden. Plaintiff apparently chose not to do so. Dismissal for failure to prosecute is only appropriate where "a party engages in a clear pattern of delay or willful contempt" and "lesser sanctions would not suffice." Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337-38 (11th Cir. 2005). Nothing in the record of this case suggests willful contempt or intent to delay.

The Court has also rejected a Recommendation (Doc. 33) to grant a prior Motion to Dismiss Plaintiff's claims against Defendant Shoultes based on Plaintiff's failure to prosecute and failure to follow Court Orders. (Doc. 47, pg. 2). Nothing in Defendant Shoultes's current motion warrants a revisiting of the Court's prior ruling, which was based in part on the finding "that some of the Plaintiff's claims should survive a motion to dismiss on their merits." (Doc. 47, pg. 2).

It is further **RECOMMENDED** that Plaintiff's claims against Defendants Whiters and Jordan be **DISMISSED**. As noted in the initial Recommendation (Doc. 10) and the Order rejecting that Recommendation (Doc. 38), Plaintiff's complaint does not sufficiently allege a failure to protect claim against Whiters and Jorden. Although the Court, in an abundance of caution, granted Plaintiff 21 days to amend his complaint, Plaintiff has not supplemented the record with any additional facts relating to these two Defendants.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, <u>WITHIN FOURTEEN (14) DAYS</u> after being served with a copy thereof. The District Judge will make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 12th day of April, 2017.

                                                s/ Charles H. Weigle
                                                Charles H. Weigle
                                                United States Magistrate Judge