# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| JEREMY MOODY, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:15-CV-325(MTT) |
| SAMANTHA SHOULTES, *et al.*, | ) |
| Defendants. | ) |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends denying Defendant Shoultes's motion to dismiss for failure to prosecute (Doc. 43) and dismissing the Plaintiff's claims against Defendants Whiters and Jordan. Doc. 53. Defendant Shoultes does not object to the Recommendation. The Plaintiff does not object but instead requests leave to amend and requests "3 hr law library time weekly location main prison." Doc. 54. The Court has reviewed the Recommendation, and the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation is **ADOPTED** and made the order of this Court. Accordingly, Defendant Shoultes's motion to dismiss (Doc. 43) is **DENIED**, and the Plaintiff's claims against Defendants Whiters and Jordan are **DISMISSED without prejudice**. Further, the Plaintiff's motion for leave to amend (Doc. 54) is **GRANTED in part** and **DENIED in part** for undue delay and futility, so that the Plaintiff's motion for leave to amend his claims against Defendants Whiters and Jordan and his already-dismissed claims against Defendant Shoultes is denied, but his motion for leave to

amend his complaint as to his surviving claims against Defendant Shoultes is granted. To the extent the Plaintiff moves for injunctive relief (Doc. 54), that motion is also **DENIED**.

## I. LEAVE TO AMEND

Federal Rule of Civil Procedure 15(a)(2) requires "the opposing party's written consent or the court's leave" in order to amend a complaint after 21 days following the defendant's responsive pleading. Leave to amend should be granted "freely . . . when justice so requires." *Id.* "A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### A. Claims Against Defendant Shoultes Not Already Dismissed

The Court must construe the Plaintiff's filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed." (internal quotation marks and citation omitted)); *see also Mays v. United States*, 817 F.3d 728, 731 n.2 (11th Cir. 2016) ("Given Mays's motion to vacate and supplemental notice were filed pro se, we construe them liberally." (citation omitted)).

Liberally construed, some portions of the Plaintiff's proposed amended complaint arise from the same circumstances as his surviving claims against Defendant Shoultes: Defendant Shoultes's alleged throwing of feces at the Plaintiff and causing the Plaintiff a head injury when the Plaintiff reacted. *See generally* Doc. 1. The Court finds that these

amendments should be allowed. First, unlike with respect to the other claims, the Plaintiff has not defied the Court's direct order to amend these claims. *See* Doc. 38 (ordering the Plaintiff to amend his claims against Defendants Whiters and Jordan); Doc. 47 (ordering the Plaintiff to amend his claims against Defendant Shoultes for deliberate indifference to medical needs and in Defendant Shoultes's official capacity). Accordingly, the Court finds that the Plaintiff has not unduly delayed with respect to this amendment. *Cf. Ludy v. Nelson*, 2015 WL 1347219, at *1 (M.D. Ga.) (finding undue delay when nothing suggested the new "allegations and theory of recovery were unknown to the Plaintiff at the time he filed his original complaint or his previous motions to amend" and the plaintiff had multiple opportunities to amend).

Second, the Court finds that Defendant Shoultes will not be unduly prejudiced by amendment as to these claims. Defendant Shoultes argues that the Plaintiff's proposed amendments as a whole "would prejudice Defendant" because discovery has commenced, but Defendant Shoultes fails to argue that these amendments, which relate to circumstances already part of the original complaint, create undue prejudice. Doc. 56 at 5. Indeed, Defendant Shoultes characterizes these amendments as "essentially . . . the same . . . as the original Complaint," only objecting to them as "unnecessary." *Id.* at 6. And third, the Court does not find that these amendments are futile, as the proposed amendments relate to the already-surviving claims against Defendant Shoultes. Construing the pro se Plaintiff's filings liberally, the Court finds that these amendments are permissible.

**B.    Other Claims**

The proposed amended complaint's claims against Defendants Whiters and Jordan and the previously-dismissed claims against Defendant Shoultes, however, are denied due to the Plaintiff's undue delay and the futility of the amendments.

**1.    Undue Delay**

The Magistrate Judge originally recommended dismissing without prejudice the Plaintiff's claims against Defendants Whiters and Jordan for failure to state a claim. Doc. 10 at 1. The Court agreed that the Plaintiff had failed to state a claim against Defendants Whiters and Jordan, but on August 19, 2016, the Court rejected the Recommendation and granted the Plaintiff's motion to amend his complaint (Doc. 32) because (1) the events underlying the claims against Defendants Whiters and Jordan occurred in September 2013, likely barring the Plaintiff from refiling his complaint due to the relevant two-year statute of limitations and thus making the dismissal likely with prejudice; and (2) the Plaintiff had not yet had a chance to amend his complaint. Doc. 38. The Court ordered the Plaintiff to amend his complaint to state a claim against Defendants Whiters and Jordan within 21 days. *Id*. at 2. The Plaintiff failed to do so until now, and he has failed to justify this ten-month delay. The amendments as to Defendants Whiters and Jordan are accordingly denied for undue delay. *See Carruthers v. BSA Advert., Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004) (affirming the lower court's denial of a motion to amend for undue delay when the plaintiff moved to amend six months after the district court's deadline for amendments and offered no explanation for the delay or for why the interests of justice required leave to amend); *see also Ludy*, 2015 WL 1347219, at *1.

Similarly, on February 15, 2017, the Court ordered the Plaintiff to redraft his complaint within 14 days if he believed he could allege facts sufficient to cure the deficiencies in his complaint as to his claims against Defendant Shoultes for deliberate indifference to medical needs and official capacity. Doc. 47 at 3. The Plaintiff failed to amend until now, and he has failed to justify his delay. Accordingly, the motion to amend those claims is also dismissed for undue delay.

### 2. Futility

In the alternative, "denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal," and these claims are denied as futile. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (internal quotation marks and citation omitted).

#### a. Defendant Jordan

The proposed amended complaint alleges only that Defendant Jordan "served as the H-House sergeant at the GA Dia Class prison at the time of the events at issue in this complaint. She is sued for damages in her individual capacity." Doc. 55 at 3. The Plaintiff fails to state a theory of liability against Defendant Jordan, and the Plaintiff fails to allege facts connecting Defendant Jordan with the Plaintiff's injuries. Accordingly, the Plaintiff's claims against Defendant Jordan fail for futility because, even liberally construed, they fail to state a claim.

#### b. Defendant Whiters

In his proposed amended complaint, the Plaintiff alleges that Defendant Whiters was deliberately indifferent to the Plaintiff's medical needs. Doc. 55 at 6. But the Plaintiff only alleges that Defendant Whiters "refused to further investigat[e]" Defendant

Shoultes's conduct and "refus[ed] to provide the surv[e]illance video evidence with the grievance report." *Id.* at 6-7. To prove deliberate indifference to medical needs, the Eleventh Circuit requires a Plaintiff to show "(1) a serious medical need; (2) the defendant['s] deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). The Plaintiff has failed to allege how his injuries were exacerbated by Defendant Whiters's alleged investigative failures. Even construing his allegations liberally, the Plaintiff has not stated a claim against Defendant Whiters for which relief may be granted.

### c.     Dismissed Claims Against Defendant Shoultes

The Plaintiff's proposed amended complaint also fails to state a claim for the previously dismissed claims against Defendant Shoultes: deliberate indifference to medical needs and official capacity claims. Even liberally construed, the proposed amended complaint fails to allege the *Mann* elements of deliberate indifference to medical needs. Further, the Plaintiff specifies that Defendant Shoultes "is sued for damages in her individ[u]al capacity." Doc. 55 at 2. Accordingly, in the alternative these claims in the proposed amended complaint also fail for futility.

### II. <u>INJUNCTIVE RELIEF</u>

As discussed above, the Court must construe the Plaintiff's filings liberally. But to the extent the Plaintiff requests preliminary injunctive relief in the form of more library time, the Plaintiff's request must be denied, even liberally construing his filing, for the reasons discussed in the Court's previous denial of such a motion. *See* Doc. 50 at 2-3. First, the Plaintiff has failed to show a harm which requires relief, as preliminary

injunctions are only available upon a demonstration of "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the plaintiff outweighs the potential harm to the defendant; and (4) that the injunction will not disserve the public interest." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002) (citation omitted). Second, preliminary injunctions relating to prison conditions "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see Thomas v. Bryant*, 614 F.3d 1288, 1320 (11th Cir. 2010) (holding that this "need-narrowness-intrusiveness limitation governs the initial entry of an injunctive relief in prison litigation cases"). The Court must also "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system . . . and shall respect . . . principles of comity." 18 U.S.C. § 3626(a)(2). The Plaintiff's brief motion (Doc. 54), like his prior motion requesting similar relief (Doc. 49), does not meet these requirements. He has not shown that he is entitled to injunctive relief, and he has not shown that his requested relief is appropriately drawn and outweighs other considerations.

### III. CONCLUSION

For the reasons stated in the Magistrate Judge's Report and Recommendation (Doc. 53), Shoultes's motion to dismiss for failure to prosecute (Doc. 43) is **DENIED**, and the Plaintiff's claims against Defendants Whiters and Jordan are **DISMISSED without prejudice**.[1] The Plaintiff's motion for leave to amend (Doc. 54) is **GRANTED**

---

[1] The applicable two-year statute of limitations appears to bar the Plaintiff from refiling his federal claims. Therefore, the dismissal is, in effect, possibly with prejudice as to those claims. *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993); *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981). That is the reason the Court afforded the Plaintiff the opportunity to amend. Doc. 38. Because the Plaintiff unduly

**in part** and **DENIED in part** for undue delay and futility, so that the Plaintiff's motion for leave to amend his claims against Defendants Whiters and Jordan and his already-dismissed claims against Defendant Shoultes is denied, but his motion for leave to amend his complaint as to his surviving claims against Defendant Shoultes is granted. Further, the Plaintiff's motion for injunctive relief (Doc. 54) is **DENIED**.

    **SO ORDERED**, this 20th day of June, 2017.

                                                       S/ Marc T. Treadwell
                                                       MARC T. TREADWELL, JUDGE
                                                       UNITED STATES DISTRICT COURT

---

delayed in failing to timely amend and in the alternative his proposed amendments as to these claims are futile, dismissal with prejudice is appropriate. *See Friedlander v. Nims*, 755 F.2d 810, 813-14 (11th Cir. 1985) (holding that dismissal with prejudice was not an abuse of discretion when the court gave the pro se plaintiff a chance to amend).