**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| JEREMY MOODY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 5:15-CV-325(MTT) |
| SAMANTHA SHOULTES, | ) ) ) |
| Defendant. | ) ) ) |

## ORDER

During the pretrial conference in this Section 1983 case, the Plaintiff, Jeremy Moody, who is proceeding pro se, stated his desire to call a fellow death row inmate named Richard Sealey as a witness. *See* Doc. 82. The Defendant, Samantha Shoultes, objected to the witness being allowed to testify. *See id.* The Court instructed Shoultes, through her counsel, to review the record, especially Moody's deposition, to see whether Moody had disclosed Sealey there or anywhere else and to file a short brief outlining the findings. *See id.* Shoultes has now done so and restates her request that the Court exclude Sealey from testifying. Doc. 83. Shoultes argues that "[p]rior to the date of the pretrial conference, Mr. Seal[e]y's name had not been mentioned by Plaintiff in any context" and that she "would be prejudiced by allowing his proposed testimony at this late date." *Id.* at 1-2.

At his deposition on May 22, 2017, Moody was asked about witnesses to the alleged incident at issue in this case, and he testified that he could identify no witnesses who were willing to testify on his behalf and that he had not talked to any other inmates

about the incident in detail.  Doc. 61-6 at 2, 48:7-19.  Later in the deposition, Moody was asked: "Is there anyone we haven't talked about today who might have any information about your claims against Officer Shoultes?  Any other people you've not mentioned, that you think has [sic] important information?"  *Id.* at 58:18-20.  Moody speculated that an "Internal Affairs Investigation" had probably occurred, but that no one else had important information about his case.  *Id.* at 22-25.  Sealey's name does not appear anywhere in the deposition.  *See generally id.*  Nor did Moody disclose Sealey as a possible witness in his proposed pretrial order.

At the pretrial conference, Moody claimed that he failed to include Sealey as a requested witness in his proposed pretrial order because he did not know he was allowed to call inmate witnesses.  But he should have listed Sealey as a possible witness if he wanted to call him, and even granting his explanation, he has not addressed his failure to disclose Sealey during his deposition when asked directly whether other people had information about the case.  In sum, Moody has failed to provide a compelling explanation for his delay in disclosing Sealey as a witness; he has also failed to demonstrate the importance of Sealey's testimony when Moody himself can testify about the incident, and Shoultes would be prejudiced if the Court allows Sealey to testify because Moody did not tell Shoultes about Sealey when asked to disclose all witnesses in a deposition almost a year ago, when Shoultes would have had time to investigate and prepare for Sealey's testimony.  Accordingly, the Court **GRANTS** Shoultes's motion to exclude Sealey's testimony (Doc. 83).  *See Romero v. Drummond Co., Inc.*, 552 F.3d 1303, 1321-22 (11th Cir. 2008) (holding that a district court did not abuse its discretion when it excluded the testimony of a witness based on three factors

district courts should consider: (1) the proposing party lacked a good explanation for the delay in disclosing the witness, (2) the proposing party failed to demonstrate that the testimony would be important to its case, and (3) the opposing party would be prejudiced if the court had allowed the witness to testify).  Sealey will not be permitted to testify at trial.

**SO ORDERED**, this 2nd day of May, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
